J^SHORTESS, J.
Demetri J. Mariegny[1] (defendant) and a codefendant, Kenneth W. Bagent, were jointly charged by bill of information with possession of cocaine with intent to distribute. La. R.S. 40:967(A)(1). Bagent also was charged in the same bill of information with possession of marijuana with intent to distribute. La. R.S. 40:966(A)(1). Initially, they pled not guilty and filed a motion to suppress evidence based upon an allegedly defective search warrant. After a hearing, the motion to suppress was denied. Defendant withdrew her not-guilty plea and pled guilty as charged, reserving the right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). She received a sentence of five years at hard labor. The trial court suspended this sentence and placed defendant on five years supervised probation, with several special *79 conditions, including a $750.00 fine and court costs.[2]
Defendant has appealed, alleging as her only assignment of error the trial court’s denial of the motion to suppress.
Because there was no trial, the following facts are derived from the hearing on the motion to suppress. At approximately 7:00 p.m. on January 7, 1997, Louisiana State Police troopers executed documents to obtain a search warrant for the residence located at 236 West Thirty-second Avenue in Covington. Defendant and Bagent were listed in the search-warrant affidavit as residents. The affidavit referenced a search for cocaine and other paraphernalia. While searching the residence, the officers observed and seized both cocaine and marijuana. Defendant and Bagent were arrested, and Bagent gave a statement detailing his involvement in cocaine trafficking.

ASSIGNMENT OF ERROR:

Defendant contends the trial court erred in denying the motion to suppress evidence. Specifically, she contends the search warrant was facially defective.
Louisiana Code of Criminal Procedure article 162 provides:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
A search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.
¡.■¡Defendant filed a motion to suppress evidence based upon a facially-deficient search warrant. The defense did not contest the issue of probable cause for the warrant. In fact, the affidavit in support of the search warrant was valid and established probable cause for the search and seizure. However, for some unexplained reason, the search warrant itself was blank, i.e., it did not contain the address of the residence to be searched, the name of any owner or resident, or a list of items to be seized. Nevertheless,' the search warrant was signed and dated by a district court judge.
The same judge who signed the search warrant held a hearing on the motion to suppress on August 14, 1997, and took the matter under advisement. On September 3, 1997, he issued written reasons denying the motion to suppress. Defendant filed a supervisory writ application with this court seeking review of the trial judge’s ruling denying the motion. This court denied the writ application. State v. Bagent and Mariengy, 97-2549 (La.App. 1st Cir.12/11/97).
Although a pretrial determination of the admissibility of evidence does not absolutely preclude á different decision on appeal, judicial efficiency demands that this court accord great deference to its pretrial decisions unless it is apparent, in light of a subsequent trial record, that the determination was patently erroneous and produced an unjust result. See State v. Johnson, 438 So.2d 1091, 1104-1105 (La.1983). See also State v. Humphrey, 412 So.2d 507, 523 (La.1982) (on rehearing). In this case, after a thorough appellate review of the record and evidence, we conclude the trial court erred in denying defendant’s motion to suppress.
In its brief to this court, the State contends an affidavit can supplement missing information and/or cure deficiencies in a search warrant. However, none of the cases relied on by the State can be stretched so far as to conclude that the affidavit may supply all of the necessary information that should be included in the *80 search warrant itself. In its written reasons, the trial court upheld the search and seizure under the good-faith exception found in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). It is true that the affidavit established probable cause and that the defense did not contest the probable-cause issue. The United States Supreme Court’s opinion in Leon, however, announced four situations where the good-faith exception would- not apply and the exclusion of evidence would remain appropriate. As defendant correctly observes in her brief to this court, the fourth such situation announced in Leon is Lapplicable herein, wherein “a warrant may be so facially deficient-i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid.” 468 U.S. at 923, 104 S.Ct. at 3421.
At the motion-to-suppress hearing, Trooper Scott Sandage indicated he had a total of fourteen years experience in law enforcement, with 75% of that time investigating narcotics cases. Sandage testified he prepared the search warrant and affidavit, which were together when signed by the judge. Sandage stated he gave the search warrant to Bagent, but he could not say that the search warrant contained any attachments at the time of the execution of the search.
The search warrant with the affidavit was signed by the judge at 7:00 p.m. In a report contained in Defense Exhibit 2, Sandage indicated he met the judge at the State Police Troop L office. According to another document contained in Defense Exhibit 2, the search began at 18:58 hours (6:58 p.m.) and ended at 19:48 hours (7:48 p.m.). Sandage testified he was not present when the search began, but he arrived shortly thereafter.
As noted above, the search warrant did not contain the address of the residence to be searched, the name of any owner or resident, or a list of items to be seized. Armed with such a warrant, any law enforcement officer would have carte blanche to search any person or place in Louisiana for anything. Under these circumstances, we cannot agree with the trial court that the Leon good-faith exception should be applicable in this case. Since Sandage was not present when the search began, how could the other law enforcement officers have made a good faith reliance on a blank search warrant?
Accordingly, we find the trial court erred in denying defendant’s motion to suppress, and we hereby reverse that ruling. Defendant’s guilty plea and sentence are vacated, and this case is remanded to the trial court with instructions to grant the motion to suppress and proceed accordingly.
REVERSED AND REMANDED. GUILTY PLEA AND SENTENCE VACATED.

. Although defendant's name is spelled "Mar-iengy" in the record, her signature on the Statement of Rights shows her name is actually spelled ''Mariegny.”

. Bagent has separately appealed. See State v. Bagent, 98 KA 1239, 734 So.2d 80, also decided this date.